## MARYANN T. TULAFONO, Plaintiff

v.

## MUAMUA SEMEATU, SALA SEMEATU and DOES II-V, Defendants

## MUAMUA AND SALA SEMEATU, Plaintiffs

v.

## ESTATE OF VINCENT AH SAN and HEIRS OF VINCENT AH SAN, Defendants

High Court of American Samoa
Land and Titles Division

LT No. 30-93
LT No. 11-91

March 6, 1996

Before RICHMOND, Associate Justice, AFUOLA, Associate Judge, and LOGOAI, Associate Judge.

Counsel: For Plaintiff, Togiola T. A. Tulafono
 For Defendants/Plaintiffs Muamua and Sala Semeatu,
 Charles V. Ala'ilima
 For Defendants Estate and Heirs of Vincent Ah San,
 Afoa L. Su'esu'e Lutu

Opinion and Order:

This case concerns two registered parcels of land which overlap.

## PROCEDURAL HISTORY

Plaintiff Maryann T. Tulafono ("Tulafono") filed her action (LT No. 30-93) on July 20, 1993 to evict defendants Muamua Semeatu and Sala Semeatu[1] (collectively "the Semeatus") from the land at issue. Two years earlier, on March 21, 1991, the Semeatus had filed their action (LT No. 11-91) against the Estate and Heirs of Vincent Ah San ("the Estate"), asking for a declaration of the Semeatus' title to a larger area encompassing the land at issue in this case.

The court consolidated these actions on March 16, 1995, pursuant to T.C.R.C.P. 42(a). However, the administrator of the Estate was unavailable at trial, and on the Estate's motion, we separated the trial on issues of the Estate's financial liability to the Semeatus, pursuant to T.C.R.C.P. 42(b). Trial was held on the remaining issues, with counsel for all parties, including the Estate, present.

## FACTUAL HISTORY

We will separately discuss the two overlapping parcels and a parcel of land to the south.

### 1. Leuluasi: the Semeatu Parcel

On March 17, 1972, after three objectors withdrew their objections before the end of the 60-day statutory notice period, the Territorial Registrar registered land named Leuluasi, located in the Village of Ili`ili, as individually owned land of Logotala Letulisgasenoa ("Logotala"). On October 20, 1975, the Registrar recorded a warranty deed by which Logotala conveyed a portion of Leuluasi to Vincent Ah San ("Ah San") as individually owned land.

On August 15, 1985, the Registrar registered a contract of sale of Ah San's portion of Leuluasi to the Semeatus for a purchase price of $15,000. The contract, dated August 3, 1984, called for an immediate down payment of $8,000, with the balance payable in 35 payments of $200 per month, beginning in September, 1984. Ah San was to deliver a deed to the Semeatus upon receipt of the down payment, and assurance that the balance would be paid. Ah San did deliver a warranty deed to

---

[1] Since Sala Semeatu is a plaintiff in LT No. 11-91 and is a purchaser of record (with Muamua Semeatu) of the land at issue, we have, on our own motion, substituted her as a named defendant for Doe I in LT No. 30-93.

the Semeatus on September 10, 1984, but it was not registered.[2] According to the contract, the Semeatus were entitled to possession of this parcel no later than September 2, 1984, and apparently took possession on or about that date. Except for the relocation adjustment required by *Lutu v. Semeatu*, LT No. 9-87, slip op. (Dec. 14, 1989), the Semeatus have remained in possession of the land since that time.

### 2. Leuluesi: The Lutu Parcel

On December 18, 1981, the Registrar recorded a warranty deed by which Logotala transferred another portion of Leuluasi to Sinira Fuimaono Lutu ("Lutu") as individually owned land.[3] *Lutu*, LT 9-87 was filed when

---

[2] Although witness signature lines and acknowledgement before the Territorial Registrar were included in the form, no witnesses signed this deed, and although dated September 10, 1984, the Registrar did not sign the acknowledgment. Perhaps Ah San did not appear before the Registrar, because the purchase price had not yet been fully paid. *See Lutu v. Semeatu*, LT No. 9-87, slip op. at 1 (Dec. 14, 1989). However, as discussed *supra*, we are satisfied that at least by May 27, 1992, the Estate's administrator believed that she had sufficient assurance of payment of the entire balance, based on the Semeatus' monthly payment record, to warrant delivery of a fully executed deed.

Additionally, for purposes of deciding issues presently tried in LT No. 11-91, we take judicial notice of the *Estate of Ah San*, PR No. 12-91. Ah San died intestate on June 30, 1990, and the administrator was appointed June 10, 1991. On May 27, 1992, counsel for the Estate and the Semeatus submitted a stipulated settlement of the Semeatus' claim against the Estate. The Semeatus signed a promissory note, dated January 7, 1992, for the $4,000 remaining balance on the purchase price, to be paid in $200 monthly installments, beginning in February, 1992. The administrator then signed a warranty deed, dated March 27, 1992. This deed was offered for recordation on April 7, 1992, but the Registrar declined to record it without a court order. The *Estate of Ah San* court questioned delivery of the deed without either full payment of the purchase price or a mortgage. The Semeatus and administrator explained with a supplemental stipulation that they also intended to settle Semeatus' claim (LT No. 11-91) against the Estate for the Semeatus' costs in defending their boundaries. However, neither the Semeatus nor the administrator followed up this explanation with the *Estate of Ah San* court, and that court has yet to act on the proposed settlement.

[3] Lutu Tenari S. Fuimaono and Sinira T. Fuimaono were listed as grantees in the deed. However, the litigation that followed, *Lutu*, LT No.

Lutu went to clear her parcel in 1986 and found the Semeatu in possession. The court in *Lutu* found that under their respective deeds, most of the northern boundary of Lutu's parcel was meant to share the southern boundary of Semeatus' parcel. Ruling in Lutu's favor, the court permanently enjoined the Semeatus from possession of Lutu's portion, and effectively moved the Semeatus' parcel northward. The *Lutu* court specifically left open the issues pertaining to the western boundary of Leuluasi and the eastern boundary of Lauofe, which in part is the subject of the present matter.

### 3. Lauofe: the Tulafono Parcel

Meanwhile, on March 18, 1981, the Registrar registered land named Lauofe in Ili`ili, as individually owned land of Lupelele Letuligasenoa ("Lupelele"). On August 14, 1986, the Registrar registered a warranty deed by which Pacific Industries, Inc. conveyed a portion of Lauofe to Tulafono as individually owned land.[4] Most of Tulafono's claimed parcel in Lauofe overlaps with the Semeatus' parcel in Leuluasi, as relocated by the *Lutu* court.

### DISCUSSION

The evidence clearly shows that both Tulafono and the Semeatus possess chains of title to their overlapping, individually owned land descending from their respective land registrants. Thus, as between Tulafono and the Semeatu, the sole issue to resolve is which chain of title will prevail with respect to the overlap.

■ American Samoa law is clear. A land title registration, completed according to proper statutory procedures, establishes "good title against the world." *Fa'aaua'a v. Tauiliili*, 15 A.S.R.2d 71, 72 (Land & Titles Div. 1990). Absent evidence of fraud or non-compliance with statutory procedures, registration of title "cannot later be questioned." *Ifopo v. Siatu'u*, 10 A.S.R.2d 66, 69 (Land & Titles Div. 1989) *aff'd.* 12 A.S.R.2d 24 (App. Div. 1989).

In the present case, we find no evidence of fraud or non-compliance with the registration statutes in connection with the registration of Leuluasi in

---

9-87, was brought in Sinira's name alone, as Sinira Fuimaono Lutu, and the Court treated her as the sole titleholder.

[4] Tulafono was the fourth recorded successor to Lupelele of this parcel in of Lauofe. The preceding three successors were: Afano F. Blankenship, December 9, 1981; Gus Cordtz, December 5, 1984; and Pacific Industries, Inc., July 22, 1986.

Logotala's name in 1975. Tulafono vigorously argues that the failure of anyone to pursue an objection within the 60-day period provided by A.S.C.A. § 37.0103 to the registration of Lauofe in Lupelele's name in 1981 invalidated Logotala's registration in 1975 and the registered titles of his successors, including the Semeatus. This flawed argument completely overlooks the much stronger argument that the failure of anyone to pursue an objection within the 60-day statutory notice period to the registration of Leuluasi in Logotala's name in 1975 rendered any future claims to that land by Lupelele and his successors, including Tulafono, null and void.

Since Logotala's earlier title registration of Leuluasi was good against the world, ownership of any portion of Lauofe lying within Leuluasi could not be later obtained by Lupelele, by title registration alone, or by his successors, Tulafono included, solely through conveyances. Thus, the Semeatu's registered title prevails over Tulafono's title claim. This rule is strict to establish finality in land titles. "A later registration of the same land would therefore be of no legal effect." *Fa'aaua'a*, 15 A.S.R.2d at 72; *Lealaimatafao v. Misiata*, 17 A.S.R.2d 110 (Land & Titles Div. 1990).

As between the Semeatus and the Estate, the Semeatus have continued to pay the purchase price of their portion of Leulausi and have reasonably assured the Estate that the full purchase price will be paid. The administrator of the Estate has reasonably accepted the Semeatus' assurance by executing a warranty deed conveying this portion of Leuluasi by the Estate to the Semeatus. The Semeatus are now entitled to the Registrar's registration of that deed.

## ORDER

1. The disputed area within the overlap is a portion of the correctly registered Leuluasi, not the incorrectly registered part of Lauofe.

2. The Semeatus are entitled to ownership of the parcel in Leuluasi, including the disputed area, sold to them by Ah San, subject only to any other conflicting conveyances Logotala or Ah San may have made. The warranty deed conveying this parcel in Leuluasi by the Estate to the Semeatus shall now be registered by the Territorial Registrar. The Semeatus shall completely perform their obligations under the contract of sale of this parcel to them.

3. Tulafono retains any legally valid claims to ownership of portions of her claimed parcel which lie outside of the overlap.

It is so ordered.